**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

```
-------------------------------------------------------
                                     )
                                     )
IN RE INDIVIOR PLC SECURITIES        )   Case No. 3:24-cv-554 (HEH)
LITIGATION                           )
                                     )
                                     )
-------------------------------------------------------
```

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS

Defendants file this Notice of Supplemental Authority to apprise the Court of Judge Trenga's recent decision in *In re DXC Technology Companies Securities Litigation*, No. 24-cv-1351, 2025 WL 950398 (E.D. Va. Mar. 27, 2025) (Trenga, J.), which further supports Defendants' pending Motion to Dismiss Plaintiff's Amended Complaint (ECF Nos. 36-37).  (*See* Exhibit 1.)

The *DXC* plaintiff brought claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, alleging that a company and its executives made fraudulent misrepresentations to investors about its progress in integrating newly-acquired businesses.  Judge Trenga held that the challenged statements, analogous to Plaintiff's allegations here, were forward-looking statements protected by the Private Securities Litigation Reform Act of 1995 ("PSLRA") safe harbor, inactionable opinions and/or expressions of corporate optimism.  Judge Trenga also held, as this Court should, that plaintiff's scienter allegations did not satisfy the PSRLA's heightened pleading standard for fraudulent intent.

In holding that most of the challenged statements were forward-looking statements protected by the PSLRA safe harbor, Judge Trenga rejected the argument, also made by Plaintiff in this case, that "the statements all consist of present or historical representations."  *Id.* at *8; *see* Pl.'s Opp., ECF No. 38 at 13.  For example, like Statement 6 in Plaintiff's Amended Complaint

("we . . . expect accelerating net revenue moving forward"), Judge Trenga held that several statements, including the statement that "we expect to spend" a certain amount on restructuring, were forward-looking because the statements concerned "the company's plans for future operations and future financial goals." 2025 WL 950398, at *8, 16. Because plaintiff "neither alleged that these statements [were] false nor alleged particularized facts demonstrating that the speakers knew these statements were false at the time they were made," Judge Trenga held the statements were protected by the PSLRA safe harbor. *Id.* at *8.

Also like Plaintiff here, the *DXC* plaintiff argued that statements about DXC's progress in integrating newly-acquired businesses were "concrete claims about core aspects of DXC's business . . . rather than merely being puffery." *Id.*; *see* Pl.'s Opp., ECF No. 38 at 17 (asserting similar theory). Judge Trenga correctly rejected that theory, holding that statements, such as the company is "making sure that any integration that we've done" is "done in the appropriate way [before] mov[ing] on from there," and the company's "transformational journey . . . has delivered a better culture, stronger customer relationships, [and] a better sales model," were "too vague to be actionable." 2025 WL 950398, at *11 (capitalization omitted).

In addition, Judge Trenga concluded that several statements were "non-actionable opinions of the Executive Defendants." *Id.* at *10 n.13. For instance, similar to certain challenged statements in Plaintiff's Amended Complaint—*e.g.*, Statement 1 ("[w]e nevertheless continue to believe in the potential of th[is] important medicine")—Judge Trenga held the statement that "we believe" the "restructuring and TSI efforts" are "a prudent investment in the business" "clearly constitut[es] the opinions of the speaker." *Id.* at *10, 15.

In short, Judge Trenga determined that "[a] vast majority" of the challenged statements were "loosely optimistic statements that are so vague, so lacking in specificity, or so clearly

-2-

constituting the opinions of the speaker, that, if not within the PSLRA's safe harbor, no reasonable investor could find them important to the total mix of information available." *Id*. at *10. The Court should do the same in dismissing Plaintiff's Amended Complaint.

Turning to scienter, Judge Trenga concluded that the *DXC* plaintiff had "not alleged particularized facts that any of the Executive Defendants knew that any of the challenged statements were false or misleading," even though plaintiff relied on allegations from seventeen purported confidential witnesses. *Id.* at *12-13. As here, the *DXC* defendants argued that the confidential witnesses did "not allege specific knowledge that would allow them to conclude that the Executive Defendants knew their statements were false." *Id.* at *12; *see, e.g.*, Defs' Reply Br., ECF No. 40 at 14-15.

Respectfully submitted,

|  |  |
|---|---|
|  | /s/ *Frank Talbott V* |
|  | Brian E. Pumphrey (VSB No. 47312) |
| Robert J. Giuffra, Jr.* | Garrett H. Hooe (VSB No. 83983) |
| David M.J. Rein* | Frank Talbott V (VSB No. 86396) |
| Julia A. Malkina* | MCGUIREWOODS LLP |
| SULLIVAN & CROMWELL LLP | Gateway Plaza |
| 125 Broad Street | 800 East Canal Street |
| New York, New York 10004 | Richmond, Virginia 23219 |
| Telephone: (212) 558-4000 | Telephone: (804) 775-1000 |
| Facsimile: (212) 558-3588 | Facsimile: (804) 775-1061 |
| giuffrar@sullcrom.com | bpumphrey@mcguirewoods.com |
| reind@sullcrom.com | ghooe@mcguirewoods.com |
| malkinaj@sullcrom.com | ftalbott@mcguirewoods.com |

* Admitted *pro hac vice*

*Counsel for Defendants*

April 21, 2025

-3-

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2025, I filed this Notice of Supplemental Authority in Support of Motion to Dismiss on the Court's CM/ECF docket which sent a notice of electronic filing to all counsel of record in this matter.

/s/ *Frank Talbott V*
Brian E. Pumphrey (VSB No. 47312)
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
bpumphrey@mcguirewoods.com